# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CASE NO. 1:14-CR-58-MR-DSC-1

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| vs. ) | **MEMORANDUM** |
| ) | **OPINION AND ORDER** |
| **JEFFREY SCOTT BLACK** ) | |
| _____ ) | |

**THIS MATTER** is before the Court for resolution of the Defendant's Motion to Suppress [Doc. 66], and the Defendant's Objections [Doc. 76] to the Magistrate Judge's Memorandum and Recommendation ("M&R"). [Doc. 75]. For the reasons that follow, this Court will accept the Magistrate Judge's recommendations with modifications described herein and will deny the Defendant's suppression motion in full.

## PROCEDURAL BACKGROUND

On August 5, 2014, the Defendant Jeffrey Scott Black and four other men were named in a Bill of Indictment filed with the Court. The grand jury charged the five men with various offenses regarding heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841 and 846, and 18 U.S.C. § 2. [Doc. 1 at 1-5]. The grand jury also found probable cause to

believe that Black illegally possessed firearms and charged him with offenses under 18 U.S.C. §§ 922 and 924. [Id. at 6].

On October 11, 2014, Black filed a motion to suppress. [Doc. 66]. The Government filed its Response to the Defendant's motion on November 5, 2014. [Doc. 73]. On November 19, 2014, Magistrate Judge Cayer issued his M&R. [Doc. 75]. He recommended that the Court deny the Defendant's suppression motion. [Id. at 9]. The Magistrate Judge informed the Defendant he could file any objections to the M&R within fourteen days' of service thereof. [Id.]. Black filed his objections on December 6, 2014. [Doc. 76]. The Defendant's Motion to Suppress and Objections to the M&R are now ripe for the Court's consideration.

## STANDARD OF REVIEW

Since the Defendant has raised various objections to the Magistrate Judge's Memorandum and Recommendation, the Court will review the Magistrate Judge's proposed findings and conclusions de novo. 28 U.S.C. § 636(b)(1); Fed.R.Crim.P. 59(b)(3).

## FACTUAL SUMMARY

The detailed factual background of this case is straight forward and is set forth in the M&R. Therefore, it will not be reproduced here. The Defendant raises one factual objection which will be addressed below.

**FACTUAL OBJECTION**

The Defendant objected to the M&R's factual recitation set forth on page 5 and the first sentence of page 6. [Doc. 76 at 1]. These facts flow directly from the Government's Response and describe what the Government contends occurred at, and immediately following, the time the search warrant was executed. [Doc. 73 at 5-7]. Black asserts that the Magistrate Judge erred in including these facts for want of verification. Because the only facts supported by oath or affirmation before the Court are contained within the search warrant application, and because the Magistrate Judge did not conduct an evidentiary hearing to take sworn testimony before issuing his M&R, the Court will accept the Defendant's factual objection. Notwithstanding the Court's acceptance of Black's factual objection, the excision of page 5 and the first sentence of page 6 from the M&R would have no effect upon the legal determinations at issue in this case. Consequently, the Court will adopt the Magistrate Judge's factual findings as set forth in his M&R except as noted above.

**LEGAL OBJECTION**

The Defendant's suppression motion raised two legal issues: (1) the search warrant was based upon an insufficient factual foundation, and (2) the factual information provided to establish probable cause for a search

was stale. [Doc. 66 at 3; 4]. The Magistrate Judge addressed in the M&R the Defendant's assertion that the search warrant was based upon an insufficient factual foundation. The Defendant thereafter conceded the soundness of the Magistrate Judge's legal analysis rejecting his argument on this first issue.

> Regarding the Magistrate Judge's legal analysis, Mr. Black does not object to that court's recitation of the applicable law. [M & R, at pp. 6-7]. Further, Mr. Black agrees with the Magistrate Judge that the relevant question is whether law enforcement provided the court with sufficient information to provide probable cause to believe that Mr. Black's house would contain evidence of the commission of a crime relating to the possession, manufacture, sale or distribution of a controlled substance. [M & R, at p. 7].

[Doc. 76 at 2]. The Defendant objects, however, to the absence in the M&R of any analysis regarding his second contention that the factual information provided to establish probable cause for the search was stale.

> Mr. Black must, however, object to that court's mischaracterization of his argument that probable cause to believe a person sold an illegal substance ten days earlier is sufficient itself to establish probable cause to believe that his house would contain evidence of that or any other sale ten days later.

[Id.]. The Court will address the Defendant's "staleness" objection below.

## DISCUSSION

The Fourth Amendment to the United States Constitution provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and

4

> seizures, shall not be violated, and no warrants shall issue but upon probable cause, supported by oath or affirmation and particularly describing the place to be searched and the persons or things to be seized.

U.S. Const. amend. IV.

Pursuant to the exclusionary rule, "evidence obtained in violation of the Fourth Amendment cannot be used in a criminal proceeding against the victim of the illegal search and seizure." United States v. Calandra, 414 U.S. 338, 347 (1974). Further, on the issue of "staleness" as it impacts the potential suppression of evidence,

> [t]he fourth amendment bars search warrants issued on less than probable cause, and there is no question that time is a crucial element of probable cause. A valid search warrant may issue only upon allegations of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time. Whether the proof meets this test must be determined by the circumstances of each case.

United States v. McCall, 740 F.2d 1331, 1335-36 (4th Cir. 1984), citing, Sgro v. United States, 287 U.S. 206, 210–11 (1932). In McCall, the Fourth Circuit identified the two contexts within which staleness becomes an issue. The first occurs when the facts alleged in the warrant may have been sufficient to establish probable cause when the warrant was issued, but the Government's delay in executing the warrant tainted the search. 740 F.2d 1336. The second occurs when the warrant itself is suspect because the information on which it rested was arguably too old to furnish "present"

5

probable cause.  Id.  It is this second circumstance that Black asserts requires suppression of the evidence seized against him.

While it is true that no bright line exists beyond which information leading to probable cause becomes stale, "the vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the facts supplied and the issuance of the affidavit."  United States v. Rhynes, 196 F.3d 207, 234 (4th Cir. 1999).  Rather, courts must look to all the facts and circumstances of the case, "including the nature of the unlawful activity alleged, the length of the activity, and the nature of the property to be seized."  Id.  All of the circumstances in this matter point toward a finding of probable cause.

Taking these factors in reverse order, the "nature of the property to be seized," pursuant to the warrant, was evidence of drug trafficking. Specifically, the search warrant was obtained to seize evidence of the "commission of the crimes of possession, manufacturing, sales and distribution of controlled substances and a conspiracy to commit those offenses," and the fruits of such crimes. [Doc. 73-1 at 4].  The expiration of ten days' time would reasonably be expected not to not diminish, in any substantial way, evidence surrounding Black's alleged drug trafficking activity, especially since the Defendant's accomplices were not local, daily

6

recipients of his drugs. This conclusion is borne out as well by an examination of the second and third factors.

According to the confidential sources working with law enforcement officers, and corroborated by the activities of Black's co-defendants, the officers actually witnessed "the length of the activity," the second factor. The officers documented undercover purchases and four trips by co-defendants from Asheville to Black's house in Charlotte to obtain heroin from March, 2014, to April, 2014. The officers observed co-defendant Monroe meet with the Defendant during three of these trips, observing him and the Defendant drive to the Defendant's house together, enter the Defendant's house together, and exit the Defendant's house together. Monroe confirmed for the officers – through a confidential source – that during multiple trips to Charlotte he purchased heroin, which information was ultimately confirmed on the last trip when his vehicle was stopped and approximately three ounces of heroin was seized. All of these facts support a probable cause finding to believe that "the nature of the illegal activity" (the third factor) involving Black was drug trafficking, and that evidence of his ongoing and continuous alleged narcotics operations would be present in his home, certainly within the time frame the officers obtained and executed the warrant. For these reasons, the Court concludes there

was a substantial basis for finding that the factual information provided to establish probable cause for issuance of the search warrant was not stale.

## CONCLUSION

Based upon the Court's de novo review of this matter, and for the reasons stated, the Court determines that the Magistrate Judge's proposed findings, as modified, are accepted as set forth herein by the Court. The Court accepts the Magistrate Judge's legal conclusion that the search warrant was based upon a sufficient factual foundation. The Court further concludes that the factual information provided to establish probable cause for a search was not stale and the warrant, therefore, was valid.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Objections [Doc. 76] to the Magistrate Judge's M&R [Doc. 75] are **ACCEPTED in part and REJECTED in part.**

**IT IS FURTHER ORDERED** that the Defendant's Motion to Suppress [Doc. 66] is **DENIED.**

**IT IS SO ORDERED.**

Signed: December 23, 2014

Martin Reidinger
United States District Judge