UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILED
IN COURT
ASHEVILLE, N.C.

OCT - 8 2015

U.S. DISTRICT COURT
W. DIST. OF N.C.

DOCKET NO. 1:14CR58

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **PRELIMINARY** |
| v. ) | **ORDER OF FORFEITURE** |
| ) | |
| JEFFERY SCOTT BLACK, ) | |
| ) | |
| Defendant. ) | |

As a result of the guilty plea of the defendant to the violation stated in the Bill of Indictment, for which the United States sought forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the defendant shall forfeit to the United States all property constituting or derived from any proceeds the defendant obtained, directly or indirectly, as a result of such violation; and/or all property involved in, used, or intended to be used in any manner or part to commit or facilitate the commission of the violation.

The Court has determined, based on the Bill of Indictment and the guilty plea of the defendant, that the below-described property is subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) and that the government has established the requisite nexus between such property and such violations and that the defendant had an interest in the property.

It is therefore ORDERED:

1. The following property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

**Smith & Wesson, .32 Caliber Revolver, SN: 367140 with ammunition**

1

FILED
IN COURT
ASHEVILLE, N.C.

OCT - 8 2019

U.S. DISTRICT COURT
W. DIST. OF N.C.

2. The Attorney General (or a designee) is authorized to seize the forfeited property subject to forfeiture; to conduct any discovery proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights. Fed. R. Crim. P. 32.2(b)(3).

3. Pursuant to 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6), the United States shall post on an official government internet site (www.forfeiture.gov), for at least 30 consecutive days, notice of this order and of its intent to dispose of the property in such a manner as the United States may direct. The United States may also, to the extent practicable, provide direct written notice of this forfeiture.

4. Any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property may, within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the property, and for an amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. § 853(n)(2) and (3).

5. After the disposition of any motion filed under Fed. R. Crim P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

7. Upon adjudication of third-party interests, if any, this Court will enter a final Order of forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32(c)(2).

8. If no third party files a timely claim, this preliminary Order of forfeiture shall become the final Order of forfeiture and shall be made part of the sentence and included in the judgment, as provided by Fed. R. Crim. P. 32.2(b)(4) and 32.2(c)(2).

9. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Date: 10/8, 2015.

Martin Reidinger
United States District Court