# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:14-cr-00058-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | **O R D E R** |
| JEFFERY SCOTT BLACK, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court upon the Defendant's Motion to Terminate Supervised Release [Doc. 197]. The Defendant is represented by attorney Eric J. Foster. Mr. Foster advises in the Motion that neither counsel for the Government nor the Defendant's supervising probation officer oppose the request for early termination.

As grounds for early termination, counsel represents that the Defendant's compliance with the terms of supervised release and his efforts at rehabilitation have been exceptional. Since being released from incarceration, the Defendant has enrolled in community college part time while maintaining employment. Now that he is nearing the end of his education, the Defendant is expected to apply for and ultimately perform

accredited internship work outside of the educational system, which may require the Defendant to relocate out of the District for an extended period of time.  Counsel represents that the Defendant "has been unable to apply for numerous positions simply because he cannot apply for and accept a position that he might not be able to fulfill." [Doc. 197 at 2].  Counsel further represents that the Defendant's advancement at work is similarly blocked by the limitations placed on his ability to travel, because the Defendant cannot accept assignments outside the country where "permission might not be granted in time to meet the requirements of the job." [Id.].

Upon review of the Defendant's Motion, and in light of the lack of opposition by the Government and the Defendant's supervising probation officer, the Court is satisfied that the early termination of the Defendant's supervised release may be warranted in the event that the Defendant is accepted for an internship or receives a work assignment that requires him to leave the District.  As neither such event has yet occurred, however, the Defendant's request appears to be premature.  The Defendant is encouraged to apply for any appropriate internship and employment opportunities.  In the meantime, the Court will hold the present motion in abeyance.  If the Defendant is offered such an internship or work assignment out of the District, Defendant's counsel should advise the Court, and

provided that the Defendant has no violations at that time, this motion can be addressed in an expeditious manner.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Terminate Supervised Release [Doc. 197] is **HELD IN ABEYANCE** for a period of at least ninety (90) days.

The Clerk of Court is respectfully directed to provide a copy of this Order to counsel for the Defendant, counsel for the Government, and the U.S. Probation Office.

**IT IS SO ORDERED.**

Signed: March 9, 2019

Martin Reidinger
United States District Judge